IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


BENNY L. WOODGETT, #10843-003,   :

    Plaintiff,                    :

vs.                              :   CIVIL ACTION 16-0489-KD-M

SPENCER B. WALKER, *et al.*,      :

    Defendants.                   :


REPORT AND RECOMMENDATION


Plaintiff Benny L. Woodgett, a federal prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. His action was then referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

I. Amended Complaint. (Doc. 9).

The Court ordered Woodgett to file an amended complaint on the Court's § 1983 complaint form, as his prior complaint was not on this form. (Doc. 4). He was advised that his amended complaint on the Court's form would supersede his prior complaint. (Doc. 4). By filing the Amended Complaint, Woodgett abandoned his prior complaints (Docs. 1, 5) and is proceeding on

the Amended Complaint alone. *Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006).

In the brief Amended Complaint, Woodgett names as Defendants, Spencer B. Walker, District Attorney for Clarke County, Alabama,[1] and James Deshler, court-appointed criminal defense counsel. (Doc. 9 at 5). Woodgett alleges that an IAD (Interstate Agreement on Detainers) was filed by corrections system manager, Ms. B. Cozza, at F.C.I. Schuylkill, Minersville, Pennsylvania, which gave the courts 180 days to bring him to trial. (*Id.*). Woodgett complains that five months after the 180-day time frame provided by the IAD, he received a life sentence in the Circuit Court of Clarke County, Alabama, which is in violation of his constitutional and speedy trial rights. (*Id.*). He maintains that his defense counsel, Deshler, contacted Ms. Cozza, who told him that the courts were in violation for sentencing Woodgett to life after his rights had been violated. (*Id.*). For relief, Woodgett wants his life sentence "taken away" and "the courts" to be "fine[d]." (*Id.* at 7).

In the Amended Complaint, Woodgett provides that the

---

[1] The Amended Complaint did not identify Walker as the District Attorney, but the documents attached to the original complaint do. (Doc. 1 at 6, 9).

complained of incident occurred on April 2, 2014, that he was

convicted for being a felon in possession of a firearm, and that

he has a future, 2010 life sentence to serve.  (*Id.* at 4, 6).

But he does not know if his conviction or sentence has been

invalidated. (*Id.*).

PACER (Public Access to Court Electronic Records) indicates

that Benn*ie* Lee Woodgett pled guilty in this federal Court to

being a prohibited person in possession of a firearm, and

received a 180-month custody sentence and a 5-year term of

supervised release.  *United States v. Woodgett,* CR No. 09-00263-

KD-N (S.D. Ala. June 2, 2010) (Docs. 17, 19, 28).  Shortly

thereafter, on June 25, 2014, Woodgett filed a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a

Person in Federal Custody Pursuant to 28 U.S.C. § 2255(f)(3),

which was denied.  (Docs. 32, 39, 41; CA No. 14-0298).

Subsequently, he filed a second § 2255 motion, which was

authorized by the Eleventh Circuit Court of Appeals.  (Docs. 44,

46).  This motion, however, was denied, and his ensuing appeal

was dismissed for failure to prosecute on February 2, 2017.[2]

---

[2] PACER also indicated that Woodgett filed a petition under 28
U.S.C. § 2241, *Woodgett v. United States, et al.,* 1:15-cv-01729-
JEJ-EBC (W. Pa. 2014), which was dismissed for lack of
jurisdiction; in it, he raised a *Johnson v. United States*
challenge to his sentence from this Court in *Woodgett v. United
States,* CR No. 09-00263-KD-N. In addition, Woodgett filed a

(Docs. 52, 57).

The scant information in the Amended Complaint about Woodgett's convictions and sentences appear to relate chiefly to his federal conviction from this Court. It does not appear that he provided specific information about the conviction(s) for which he received the complained of life sentence and from which he seeks to be released.

II. Standards of Review Under 28 U..C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Amended Complaint (Doc. 9) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[3] A claim is frivolous as a matter of law where, *inter alia,* the

---

civil rights action, *Bennie Lee Woodgett v. Randall,* 4:10-cv-02693-LSC-PWG (N.D. Ala. 2011), which was dismissed for failure to prosecute, and in which he complained about the conditions of confinement at the Clarke County Jail. The failure to advise the Court of this information when the complaint form requested it, *see* Doc. 9 at 3, and when the complaint is signed under of penalty of perjury is cause for dismissing this action as malicious pursuant 28 U.S.C. § 1915(e)(2)(B)(i). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro,* 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished).

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

defendants are immune from suit, *id.* at 327, or the claim seeks
to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. §
1915(e)(2)(B)(ii) for failure to state a claim upon which relief
may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th
Cir. 1997). To avoid dismissal for failure to state a claim
upon which relief can be granted, the allegations must show
plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557
(2007). "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678
(2009). That is, "[f]actual allegations must be enough to raise
a right to relief above the speculative level" and must be a
"'plain statement' possess[ing] enough heft to 'sho[w] that the
pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557
(second brackets in original). However, "[t]hreadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.
Furthermore, when a successful affirmative defense, such as a
statute of limitations, appears on the face of a complaint,
dismissal for failure to state a claim is also warranted. *Jones
v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Analysis</u>.

    A.   <u>Habeas Relief Not Available in a § 1983 Action</u>.

The Amended Complaint's requests for relief control the disposition of this action. Woodgett's request to have his life sentence "taken away" is construed by the Court as request to have his sentence (and related conviction) overturned, which would result in him not having to serve that sentence, thereby achieving a speedier release from incarceration. The law,

however, provides that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  *Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (quoting *Presier v. Rodriguez,* 411 U.S. 475 (1973)).  "[C]laims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983."  *Id.*  This claim is, therefore, frivolous and is due to be dismissed with prejudice.

B.  Prosecutorial Immunity.

In the event that damages had been requested in the Amended Complaint, a damages claim would also fail but for different reasons.  Defendant Walker is entitled to absolute prosecutorial immunity from damages in a § 1983 action for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case.  *Imbler v. Pachtman,* 424 U.S. 409, 430-31 (1976); *Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir. 1985).  A prosecutor is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process."  *Imbler,* 424 U.S. at 343.  Thus, because Walker is charged with prosecuting the criminal case(s) against Woodgett, i.e.,

7

presenting the State's case against him, which resulted in the

life sentence, Walker would be granted absolute immunity from

damages, and the damages claims against him would be dismissed

as frivolous. *Id.* at 430-31.

C. Lack of State Action.

With respect to Defendant Deshler, Woodgett's court-

appointed defense counsel, if Woodgett had lodged a claim for

damages (or for any other relief) against Deshler, this damages

claim would not proceed in this § 1983 action against him. In a

§ 1983 action, in order for a defendant to be found liable, the

defendant must have acted under color of state law when the

alleged constitutional deprivation was committed. *Parratt v.*

*Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by*

*Daniels v. Williams,* 474 U.S. 327 (1986); *Harvey v. Harvey,* 949

F.2d 1127, 1130 (11th Cir. 1992). In a § 1983 action, the law

holds that court-appointed, criminal defense counsel does not

act under color of state law in the absence of a conspiracy.

*Polk County v. Dodson,* 454 U.S. 312, 325 (1981).

In *Polk County,* the Supreme Court reasoned that "[e]xcept

for the source of payment, [the] relationship [between criminal

defendant and defense counsel is] identical to that existing

between any other lawyer and client." *Id.* at 318. The Court

concluded that "[t]his [relationship] is essentially a private

8

function, traditionally filled by retained counsel, for which

state office and authority are not needed." *Id.* at 319. Thus,

the Court held that court-appointed criminal defense counsel

does not act under color of state law and that the § 1983

complaint against criminal defense counsel must be dismissed for

lack of state action. *Id.* at 325.

Based on the Amended Complaint's allegations, Deshler did

not act under color of state law. Accordingly, a claim upon

which relief can be granted has not been stated against Deshler.

D. Application of *Heck v. Humphrey* and Its Progeny.

Another legal principle prevents this action from

proceeding at this time. Claims challenging the legality of a

prisoner's confinement or its duration are not recognized in a §

1983 action until

> the conviction, or imprisonment, or . . .
> other harm caused by actions whose
> unlawfulness would render a conviction or
> sentence invalid . . . has been reversed on
> direct appeal, expunged by executive order,
> declared invalid by a state tribunal
> authorized to make such determination, or
> called into question by a federal court's
> issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 487 (1994). Only after

invalidation of the fact or duration of confinement occurs

through "federal habeas corpus relief (or appropriate state

relief)" is a cause of action recognized under § 1983.  *Id.* at

483.  This rule from *Heck* is applied regardless of whether

damages or equitable relief is sought.  *Wilkinson v. Dotson,* 544

U.S. 74, 81 (2005).  These holdings from *Heck and Wilkinson* seek

to ensure that prisoners use "habeas corpus (or similar state)

remedies when they seek to invalidate the duration of their

confinement–either directly through an injunction compelling

speedier release or indirectly through a judicial determination

that necessarily implies the unlawfulness of the State's

custody."  *Wilkinson,* 544 U.S. at 81.

Accordingly, the proper inquiry is "whether a judgment in

favor of the plaintiff would necessarily imply the invalidity

of" the fact or duration of his confinement.  *Heck,* 512 U.S. at

487.  Claims that do not challenge the validity of the fact of

confinement or its duration are allowed to proceed.  *Id.* at 487.

In the present action, Woodgett claims that his life

sentence was imposed in violation of his constitutional and

speedy trial rights.  (Doc. 9).  Thus, if the Court were to rule

favorably on his § 1983 claims, the Court's ruling would have

effect of undermining his sentence (and conviction(s)).

Woodgett, however, has not shown that his life sentence has been

invalidated in a manner described by *Heck.*  As a consequence,

Woodgett's claims are barred by the decisions in *Heck* and

*Wilkinson. See Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir.) (finding if the allegations are inconsistent with a conviction being valid, "Heck kicks in and bars his civil suit"), *cert. denied,* 539 U.S. 910 (2003).

E.   Second Request for Relief.

Returning to the other relief requested by Woodgett, "to fine the courts," this request is without legal merit.  Taking his words at their face value, "[t]he law is well settled that state courts are not persons within the meaning of  42 U.S.C. § 1983" and thus are not entities that can be sued.  *Harris v. Elmore Cty. Dist. Attorney's Office,* 2013 WL 1084294, at *1 (M.D. Ala. Jan. 13, 2013)(unpublished); *see Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir. 1988) (holding the court is not a "person" within the meaning of that term as used in § 1983); *Coopersmith v. Supreme Court, State of Colo.,* 465 F.2d 993, 994 (10th Cir. 1972) (same); *Moity v. Louisiana State Bar Ass'n,* 414 F. Supp. 180, 182 (D.C. La.) (same), *aff'd,* 537 F.2d 1141 (5th Cir. 1976).[4]  Furthermore, because this request is not causally connected to a named defendant, that is, Spencer or Deschler, a claim for relief has not been stated.  *Parratt,* 451 U.S. at 535.

---

[4] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Moreover, considering the nature of the present claims, a monetary award is not available until Woodgett's life sentence has been invalidated in accordance with *Heck, supra,* and monetary damages would not be available from Walker, who has absolute prosecutorial immunity from damages, *Imbler, supra,* nor from Deshler, who is not a proper party to this § 1983 action because he is not a state actor. *Polk, supra.* Thus, the request to "fine the courts" is frivolous.

IV. <u>Conclusion.</u>

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. *Abella,* 63 F.3d at 1065 (affirming the dismissal with prejudice).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GEN.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives

the right to challenge on appeal the district court's order

based on unobjected-to factual and legal conclusions if the

party was informed of the time period for objecting and the

consequences on appeal for failing to object. In the absence of

a proper objection, however, the court may review on appeal for

plain error if necessary in the interests of justice."  11th

Cir. R. 3-1.  In order to be specific, an objection must

identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and

specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

    DONE this 2nd day of May, 2017.


                                s/ BERT W. MILLING, JR.
                                UNITED STATES MAGISTRATE JUDGE